**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANGEL ANFELINO PEREZ MATIAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1801-G** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Angel Anfelino Perez Matias, a citizen of Guatemala proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral immigration judge within 7 days of the

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

judgment in this matter, or else release him from custody. Additionally, Petitioner's Motion for Review of My Case, (Doc. 9), should be **denied as moot.**

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is citizen of Guatemala who entered the United States on or about January 30, 2019. (Doc. 7, Ex. 2, at 1).
- Petitioner was placed into removal proceedings on March 29, 2023, when he was issued a Notice to Appear charging him as being an alien present in the United States who has not been admitted or paroled. (*Id.*)
- Petitioner was arrested in Tulsa County, Oklahoma, on March 20, 2026, for driving under the influence of alcohol. (*Id.* at Ex. 3, at 5). He was transferred to ICE custody pursuant to an administrative warrant on June 8, 2026. (*Id.* at 1, 4).
- Petitioner alleges, and Respondents do not contest, that he has not been provided with a bond hearing. (Doc. 1, at 6).
- An Immigration Judge ordered Petitioner's removal on September 8, 2026, but Petitioner filed a timely appeal, which is pending. EOIR Case Information https://acis.eoir.justice.gov/en/ (last accessed Oct. 14, 2026). Thus, his order of removal is not administratively final.
- Petitioner is detained at Cimarron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 1).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. Violation of Fifth Amendment Due Process rights and violation of 8 C.F.R. §§ 241.4(l) and 241.13(i).[3] (Doc. 1, at 6).

[3] The referenced regulations apply to non-citizens who remain detained after their removal orders have become administratively final and they have been subject to a 90-day period of mandatory detention, and thus the regulations are inapplicable to Petitioner.

2. Violation of the INA because he has "not been afforded with an individualized bond hearing since being detained." (*Id.*)

3. Violation of the INA because he was detained "without being served an issued warrant for my arrest by an Attorney General."[4] (*Id.*)

As relief, Petitioner requests his immediate release from custody or release on parole. (*Id.* at 7).

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that "this matter is controlled by" the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (Doc. 7, at 1). "Respondents request that any order be limited to ordering a bond hearing within seven days." (*Id.* at 2).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled to a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of

[4] Respondents attached to their Response an administrative warrant including a certificate of service signed by a deportation officer who stated the warrant was served on Petitioner. (Doc. 7, at Ex. 3, at 1).

the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.

Because the undersigned recommends granting habeas relief on the basis of a violation of the INA, it is unnecessary to address Petitioner's other claims.

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral immigration judge within 7 days of the judgment in this matter, or else release him from custody. Additionally, Petitioner's Motion for Review of My Case, (Doc. 9), should be **denied as moot.**

**The Court advises the parties of their right to object to this Report and Recommendation by October 21, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[5] The Court advises the parties that failure to make timely objection to this Report

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory

and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 14th day of October, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").